E-FILED  2023 MAR 29 10:45 AM DALLAS - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | |
|---|---|
| LISA CRETSINGER<br><br>                         Plaintiff,<br><br>vs.<br><br>CITY OF DE SOTO, IOWA; CITY OF DE SOTO, IOWA POLICE DEPARTMENT; BRANDON CARTER; DALLAS COUNTY, IOWA; DALLAS COUNTY, IOWA SHERIFF'S OFFICE; JOHN DOE NO. 1 (AKA DALLAS COUNTY DEPUTY SANCHEZ), JOHN DOES NO. 2 TO 10<br><br>                         Defendants. | Case No. _____<br><br><br>CIVIL ORIGINAL NOTICE |

**TO THE ABOVE-NAMED DEFENDANTS:**

You are notified that a petition has been filed in the office of the clerk of this court naming you as a Respondent in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name and address of Petitioner's attorneys are Theodore Sporer whose address is, 108 Third Street, Suite 302, Des Moines, Iowa 50309-4758; telephone number is (515) 689-6080; facsimile number is (515) 414-7679 and email address is teddy@sporerlaw.com; and Shawn Shearer, whose address is 108 Third Street, Suite 302; telephone number (214) 717-1828 and email address is shawn@shearerlaw.pro.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer, in the Iowa District Court for Dallas County, at the courthouse in Adel, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.   Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

If you need assistance to participate in court due to a disability, call the disability coordinator, Toni Stevens, 515-286-3394, toni.stevens@iowacourts.gov.  Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). Disability coordinators cannot provide legal advice.  **IMPORTANT**: YOU ARE ADVISED TO SEEK LEGAL ADVICE TO PROTECT YOUR INTERESTS

**EXHIBIT A**

E-FILED  2023 MAR 29 1:55 PM DALLAS - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*   **LACV044156**

*County*   **Dallas**

*Case Title*   LISA CRETSINGER V. CITY OF DE SOTO, IOWA ET AL.

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **03/29/2023 01:55:22 PM**



*District Clerk of Court or/by Clerk's Designee of* Dallas          *County*

**/s/ Adam Juckette**

# IN THE IOWA DISTRICT COURT
## IN AND FOR
## DALLAS COUNTY

|  |  |
|---|---|
| LISA CRETSINGER<br><br>        **Plaintiff,**<br><br>  v.<br><br>CITY OF DE SOTO, IOWA; CITY OF DE SOTO, IOWA POLICE DEPARTMENT; BRANDON CARTER; DALLAS COUNTY, IOWA; DALLAS COUNTY, IOWA SHERIFF'S OFFICE; JOHN DOE NO. 1 (AKA DALLAS COUNTY DEPUTY SANCHEZ), JOHN DOES NO. 2 TO 10,<br><br>        **Defendants.** | Case No. _____<br><br>**ORIGINAL<br>PETITION AT LAW**<br><br>**(Jury Demand)** |

   COMES NOW, the Plaintiff, by and through the undersigned counsel, and petitions to this

Court at law against the above named Defendants and states:

## TABLE OF CONTENTS

PARTIES .................................................................................................................... 2

JURISDICTION AND VENUE .................................................................................. 3

FACTUAL BACKGROUND ....................................................................................... 3

 Facts Surrounding Unlawful Arrest and Charges ................................................... 3

 Dismissal of All Charges Against Plaintiff............................................................. 8

 Theft/Conversion of Plaintiffs Property................................................................. 8

 Carter's Lack of Credentials/Negligent and Unlawful Hiring by City & DSPD...... 9

 Carter's Objective Knowledge at the Time Arrest was Initiated ............................ 11

CAUSE NO. 1 False Arrest and False Imprisonment; Violation of Iowa Constitution article I section 8........................................................................................................ 13

CAUSE NO. 2 Assault & Battery; Violation of Iowa Constitution article I section 8 ............... 14

CAUSE NO. 3 Tortious Invasion and Unlawful Entry into Plaintiff's Vehicle in Violation of Iowa Constitution article I section 8.................................................................. 15

CAUSE NO. 4 Tortious Infliction of Emotional Distress........................................................... 16

CAUSE NO. 5 Violation of Duties under Iowa Code Chapter 80D and Implementing Regulations....................................................................................................... 18

E-FILED  2023 MAR 29 10:45 AM DALLAS - CLERK OF DISTRICT COURT

CAUSE NO. 6  Negligent Hiring, Supervision, and Retention ................................................... 19

CAUSE NO. 7  Malicious Prosecution ...................................................................................... 20

CAUSE NO. 8  Conversion; Unlawful Seizure; Violation of Iowa Constitution article I sections 1, 8, 18 ................................................................................................................ 21

CAUSE NO. 9  Failure to Expunge. ........................................................................................ 22

REMEDIES AND REQUEST FOR RELIEF.............................................................................. 23

## PARTIES

**1.**     Plaintiff is a resident of Polk County, Iowa.

**2.**     Defendant City of De Soto ("City") is an Iowa city possessing those powers as set forth in Iowa Code Chapter 364, and may be served under Iowa Rule of Civil Procedure 1.305(8) by service upon the City Mayor or the City Clerk, each located at 405 Walnut Street, De Soto, Iowa 50069.

**3.**     Defendant City of De Soto Police Department ("DSPD") is the authorized police department for the City, and is located at 405 Walnut Street, De Soto, Iowa 50069

**4.**     Defendant Brandon Carter ("Carter") is an individual believed to be a resident of Iowa. Carter was serving as a reserve officer of the De Soto Police during the events described herein.

**5.**     Defendant Dallas County, Iowa ("County") is an Iowa county subject to home rule power and authority under Article III, Section 39A of the Iowa Constitution, and may be served under Iowa Rule of Civil Procedure 1.305(9) by service upon the Dallas County Auditor or upon the Chair of the Dallas County Board of Supervisors, each at 210 North 10th Street, Adel, IA 50003.

**6.**     Defendant Dallas County, Iowa Sheriff's Office ("County Sheriff") is the office of the County Sheriff and may be served under Iowa Rule of Civil Procedure 1.305(13) by service upon the sheriff or clerk, each located at 28985 Thin Blue Line Lane, Adel, Iowa 50003.

E-FILED  2023 MAR 29 10:45 AM DALLAS - CLERK OF DISTRICT COURT

7.    Defendant John Doe No. 1 (aka Deputy Sanchez) during the events described below is believed to have been a Deputy employed by the County Sheriff with jurisdiction in the areas of De Soto, Iowa and Dallas County, Iowa. The information currently available to Plaintiff is that Defendant John Doe No. 1 was a uniformed officer in a law enforcement cruiser at the time of the events plead herein and John Doe No. 1's last name is Sanchez. Plaintiff will seek to amend or otherwise identify John Doe No. 1 when the complete information is discovered.

8.    Defendant John Does Nos. 2 to 10 are yet to be identified cities, counties, law enforcement agencies, and individuals the identity of whom is not available to Plaintiff, but known to the above named Defendants involved in the incidents plead below. Plaintiff will seek to amend or otherwise identify John Doe Nos. 2 to 10 when the complete information is discovered.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction to hear this matter pursuant to Iowa Constitution Article V, Section 6.

10.    Venue is proper because Plaintiff all events occurred in Dallas County, Iowa.

## FACTUAL BACKGROUND

11.    At all times during the events described below, Defendant Carter was acting as a purported uniformed law enforcement officer employed by the City and DSPD.

12.    The City and DSPD are liable for acts of Carter and John Does while acting in their employ.

13.    The County and County Sheriff are liable for the acts of Deputy Sanchez and John Does in their employ.

### Facts Surrounding Unlawful Arrest and Charges

14.    At the times of the events and facts plead below, Plaintiff was a 57 year-old women residing in Clive, Iowa.

Original Petition

15.     In the late afternoon of April 20, 2021, Plaintiff drove her 2018 Jeep Cherokee (the "Vehicle") from Clive to visit her mother, age 82, living near De Soto, Iowa. Plaintiff and her mother had dinner around 5:30 p.m.

16.     There was no window tinting on the Vehicle and the view of the interior of the Vehicle from the exterior of the Vehicle was unobstructed.

17.     Plaintiff's pet dog named Norman ("Norman"), a Havenese, an extra small breed, accompanied her in the Vehicle on this trip. Norman is approximately 10 inches in height and weighs 10 pounds or less and was in his kennel. At the times of the events plead below, Norman had received all of his vaccinations, was wearing a collar, and a rabies vaccination tag was attached to his collar.

18.     Around midnight the evening changing from April 20 to 21, 2021, Plaintiff put Norman in her Vehicle and left her mother's residence to drive back to Clive.

19.     Around 12:15 a.m., while passing through De Soto on Highway 169, Plaintiff stopped at the Kum & Go near the entry ramp to Interstate 80 and purchased cigarettes and a donut.

20.     Plaintiff left the Kum & Go and approached a stop sign less than a half-block from the Kum & Go parking exit. Plaintiff believed she had fully stopped at that sign, and proceed on her drive home towards the I-80 entrance ramp. There was no traffic on Highway 169.

21.     Plaintiff then saw police lights in her rear view mirror and pulled over on the I-80 entrance ramp.

22.     Defendant Carter was the uniformed De Soto "officer" making the stop in a marked DSPD cruiser. Carter stopped the DPSD cruiser behind and to the left of Plaintiff's Vehicle. Carter then approached the passenger side window of Plaintiff's Vehicle and shined a flashlight scanning the vehicle and then aimed the flashlight beam at Plaintiff.

E-FILED 2023 MAR 29 10:45 AM DALLAS - CLERK OF DISTRICT COURT

23. Plaintiff then lowered the passenger side window.

24. Carter then asked Plaintiff where she had been and indicated Plaintiff had failed to make a complete stop at the stop sign.

25. Carter then placed his head, hands, and arms through the open passenger window into the Vehicle.

26. Carter returned to his cruiser for 10 to 20 minutes and then returned to the Plaintiff's passenger window carrying what appeared a traffic citation, but did not give the citation to Plaintiff.

27. Carter then again stuck his head into the Vehicle and Carter claimed to have smelled alcohol.

28. Carter then asked Plaintiff to exit the Vehicle and to sit in the back of Carter's cruiser while he searched the Vehicle. Plaintiff offered to take a breathalyzer and Carter refused to administer it.

29. Plaintiff exited her vehicle Carter conducted field sobriety tests on Plaintiff.

30. Upon information and belief, Carter is not authorized or certified to conduct field sobriety tests.

31. During the process from stop through the sobriety tests, Plaintiff repeatedly requested to take a breathalyzer. Despite these requests, Carter continued to conduct additional sobriety test. Plaintiff performed all field sobriety tests without indication of intoxication or unlawful influence of substances.

32. After the field sobriety tests, Plaintiff again asked to take a breathalyzer. Carter then conducted a field breathalyzer test on Plaintiff.

33. The result of Plaintiff's breathalyzer test was 0.0.

34. Carter continued to harass Plaintiff even after the 0.0 test reading.

E-FILED  2023 MAR 29 10:45 AM DALLAS - CLERK OF DISTRICT COURT

35.     Plaintiff's Vehicle was searched by Carter and no alcohol or other illegal substances or contraband were found in the Vehicle.

36.     A second officer, believed to be John Doe No. 1 (Deputy Sanchez) arrived at the scene and parked his vehicle several car lengths behind Carter's vehicle. John Doe stood by his cruiser, and faced north, not watching the interaction between Carter and Plaintiff.

37.     Carter, without cause, forcefully pushed Plaintiff over the hood of her Vehicle causing Plaintiff to fall to the ground suffering injuries (bruises and scrapes).

38.     While Plaintiff was on the ground, Carter grabbed towards his Taser, and Carter stated that he would "taze" Plaintiff if she did not cooperate. Plaintiff was in fear and explained she had fallen because she had been thrown.

39.     Plaintiff regained her feet and Carter forcefully placed handcuffs on Plaintiff and advised Plaintiff she was under arrest.

40.     Plaintiff immediately complained that the cuffs were excessively tight. Carter did nothing to loosen the cuffs. Carter failed to double-lock the cuffs and further tightening occurred.

41.     Plaintiff suffered bruising and visible wrist marks from the cuffs.

42.     Plaintiff was physically injured by being thrown to the ground, the application and tightness of the hand cuffs, and Carter's negligence and lack of training in proper use of the cuffs.

43.     Plaintiff asked Carter what would be done with her little dog Norman who was still in the Vehicle. Plaintiff offered to have her brother come to retrieve the Vehicle and Norman.

44.     Carter told Plaintiff Norman would be taken by the other officer, John Doe No. 1 (upon information and belief, Deputy Sanchez) and the Vehicle would be towed.

45.     Around 1:00 a.m. April 21, 2021, Plaintiff was placed in the backseat of Carter's DSPD cruiser.

E-FILED  2023 MAR 29 10:45 AM DALLAS - CLERK OF DISTRICT COURT

46.   After placing Plaintiff in the DSPD cruiser, Carter went to speak with John Doe No. 1 (Deputy Sanchez) and left Plaintiff in the cruiser. While in the DSPD cruiser, Plaintiff overhead dispatch on the radio indicating with confusion why a 0.0 was being brought-in.

47.   Carter then drove the DPSD cruiser with Plaintiff in the backseat to a maintenance shed. Plaintiff was removed from the cruiser still handcuffed. Carter directed Plaintiff to enter the shed. When Plaintiff began walking towards the shed, Carter forcefully ordered that Plaintiff walk behind him, not in-front of him, towards the door to the shed.

48.   Plaintiff followed Carter into the maintenance shed.

49.   The maintenance shed was filled with sharp gardening and landscaping tools and equipment. Plaintiff, still handcuffed, was told to take a seat.

50.   In observing her immediate surroundings in the shed, with multiple sharp tools readily available, her isolation with Carter in the shed, and Carter's previous forcefulness, aggression, and threats to "taze" her, Plaintiff believed that the shed was a "kill room" or "rape room."

51.   In the shed, handcuffed tightly, and with sharp tools/weapons surrounding her, and with no other officers or people in the shed or visible recording or surveillance devices, Plaintiff felt fear of imminent physical harm being done to her by Carter.

52.   Carter sat down in the shed and began typing on a laptop.

53.   After Plaintiff and Carter spent more than an hour in the maintenance shed, the entire time Plaintiff fearing for her life and physical well-being, Carter placed Plaintiff back into his vehicle and drove to the Dallas County jail in Adel, Iowa.

54.   Carter arrived with Plaintiff at the Dallas County jail in Adel at approximately 3:00 a.m. on April 21, 2021.

55.   Nearly three hours had elapsed between the initial traffic stop and Plaintiff's arrival at the Dallas County jail.

56.   Plaintiff was not immediately processed. The Plaintiff observed that the jailers and staff at the County jail were not cooperative with Carter and irritated with Carter.

57.   Plaintiff's brother arrived at the jail, and Plaintiff was released at approximately 4:00 a.m. on April 21, 2021.

58.   At some point after Plaintiff's arrest her Vehicle was towed to the pound.

### Dismissal of All Charges Against Plaintiff

59.   Based upon Plaintiff's 0.0 breathalyzer, the magistrate refused to arraign on charges of OWI.

60.   Plaintiff was charged with interference with official acts in violation of Iowa Code §719.1(1)(b) and failure to obey a stop Sign and Yield Right of Way in violation of Iowa Code § 321.322(1). (Dallas County Crim. No. SMAC055215)

61.   All charges against Plaintiff ultimately were dismissed, with prejudice, pursuant to Rule 2.33(1) of the Iowa Rules of Court.

62.   Despite Plaintiff pursuing procedures to expunge records of these events pursuant to Iowa Code section 901C.1, Plaintiff has suffered adverse employment actions based on the records of these events being available to employers.

### Theft/Conversion of Plaintiffs Property

63.   Norman, Plaintiff's dog in the Vehicle at the time of her arrest, was over six months of age and had a collar indicating compliance with Iowa's rabies vaccination requirements.

64.   Under Iowa Code § 351.25, Plaintiff's dog, Norman, is considered Plaintiff's property.

65.   John Doe No. 1 (aka Deputy Sanchez) took Norman out of the Vehicle and took, or arranged for the transportation of, Norman to the A Heinz 57 Pet Rescue and Transport animal shelter.

66. Sanchez told the shelter that Plaintiff's dog had been found loose and wandering the highway, and that he did not know who the owner was.

67. Sanchez's statements to the shelter were knowingly false. Sanchez did not find the dog loose wondering the highway. Sanchez knew the owner's identity. Sanchez knew the owner would retrieve the dog.

68. The shelter took-in Norman, took Norman's photo, and posted/tweeted that Sanchez had informed the shelter that the owner was unknown and that dog was available for adoption.

69. When Plaintiff retrieved her dog from the shelter later during the day of April 21, 2021, the shelter informed Plaintiffs that the shelter had received a number of requests to adopt Norman and the shelter would have soon placed Norman with new owners had Plaintiff not arrived quickly.

**Carter's Lack of Credentials/Negligent and Unlawful Hiring by City & DSPD**

70. During the events of April 20 & 21, 2021 described in the preceding paragraphs, Carter was:

    a. purportedly serving a "reserve peace officer" hired by the City and DSPD; and

    b. was armed.

71. Iowa Code §§ 80D.2 and 80D.3 provide for the director of the Iowa Law Enforcement Academy to establish personal standards (physical, educational, mental, and moral fitness) and training requirements for members of the reserve force.

72. The Iowa Law Enforcement Academy has established minimum standards for Iowa Law Enforcement Officers. IAC 501-Ch. 2.

73. Pursuant to IAC 501-2.1(5) a peace officer must be of "good moral character" and must not have been "convicted of a felony."

E-FILED  2023 MAR 29 10:45 AM DALLAS - CLERK OF DISTRICT COURT

74. Carter has been convicted of at least one felony and will never satisfy the requirements for serving as a law enforcement officer under the existing Iowa Law Enforcement Academy rules.

75. Carter's felony conviction could easily be found through a background check properly conducted by the City or DSPD.

76. Upon information and belief, Carter has also received a deferred sentence for assault in Iowa and been subject to withdrawn charges of domestic abuse in Iowa. Information as to these charges was available to Defendants.

77. Cater has not completed the required courses and training to serve as a reserve officer.

78. The City and DSPD knew Carter had not completed the required courses and training to serve as a reserve officer.

79. Carter failed to satisfy the requirements to be appointed a reserve officer in IAC 501-Ch. 8.

80. Conviction of a felony excludes Carter from appointment as a reserve officer under IAC 501-10.1(5).

81. The City and DSPD knew, or should have known, that Carter could never satisfy the standards to be certified as a regular peace officer. IAC 501-Ch. 3.

82. Under IAC 501-10.3(1) any person appointed to serve as a reserve police officer must complete all of the required training and supervised time within 18 months from the date of their appointment as a reserve peace officer.

83. Carter has not completed the required reserve officer requirements within 18 months of his first appointment by DSPD as a reserve peace officer.

84. The City and DSPD have engaged in serial appointments, removal, and re-appointments of Carter as a reserve officer to avoid compliance with the IAC training and testing

requirements.

85. The removals and re-appointments do not restart the time for completion of the required courses and training. Carter has failed to complete the required courses and training within the timeframe required by IAC 501-10.3(4).

86. On April 20, 2021, the City and DSPD:

   a. knew Carter was not certified as a reserve officer;

   b. knew or should have known Carter could not be certified as a reserve officer;

   c. knew, or should have known, Carter could not be certified as a regular peace officer.

87. With the knowledge pled in the immediately preceding paragraph, DSPD intentionally deployed Carter, in uniform, and armed, to patrol on April 20, 2021.

88. Each of the causes of action against the City and DSPD set forth in this Petition result from the officially sanctioned customs or policies of those organizations.

## **Carter's Objective Knowledge at the Time Arrest was Initiated**

89. At the time Carter initiated the procedure to physically detain and arrest the Plaintiff, Carter knew the following:

   a. The stop was initiated because Carter believed he had observed a rolling stop at a stop-sign;

   b. Plaintiff is a 57 year-old female, driving alone with Norman, a small dog weighing less than 10 pounds in the car, and no criminal record or warrants;

   c. Plaintiff had satisfactorily completed all field sobriety tests;

   d. Plaintiff had submitted to a field breathalyzer with a 0.0 result; and

   e. Plaintiff's Vehicle had been searched and no alcohol or other substances were located.

E-FILED 2023 MAR 29 10:45 AM DALLAS - CLERK OF DISTRICT COURT

90. With this knowledge, Carter nevertheless initiated a warrantless arrest and threw Plaintiff across the hood of her car causing her to fall to the ground.

91. Carter had no reasonable grounds for believing the Plaintiff had committed an "indictable public offense" as defined in Iowa Code section 804.7(3) at the time he initiated the arrest procedure causing Plaintiff to fall to the ground. The only possible violation committed by Plaintiff was a failure to obey a stop sign, which is not an offense for which the law authorizes a warrantless arrest.

92. The stop and detention on the road was extensively long for a minor traffic violation.

93. It was only upon Carter's act to forcefully arrest the Plaintiff, causing Plaintiff to fall, that Carter with pretext, animus, and intent, then wrongly used as a basis to assert Plaintiff was attempting to avoid arrest and Carter threatened to use his Taser.

94. Carter based his arrest on the fall, which should not have ever occurred because arrest for interference with official acts was not warranted prior to Carter throwing Plaintiff across the hood of the car when at worst all she had done is a rolling stop, followed by compliance with all sobriety tests and a 0.0 breathalyzer.

95. Cater knowingly attempted to manufacture an offense that did not exist by forcefully attempting an arrest for which he knew, or should have known, no lawful cause existed.

96. Carter held Plaintiff in a machine shed, alone with him, for more than an hour to avoid returning to duty before delivering Plaintiff to the Dallas County jail. The initial traffic stop was around 12:15 a.m. and Plaintiff arrived at the Dallas County jail at 3:00 a.m and was released at 4:00. For a rolling stop, this detention time is excessive. Plaintiff's breathalyzer was 0.0 and all charges were dismissed.

E-FILED  2023 MAR 29 10:45 AM DALLAS - CLERK OF DISTRICT COURT

**CAUSE NO. 1      False Arrest and False Imprisonment; Violation of Iowa Constitution article I section 8**

97.  Plaintiff incorporates the factual allegations of this Petition, both preceding and following, as if fully set forth in this Cause No. 1.

98.  Plaintiff asserts this Cause No. 1 against the all Defendants.

99.  Carter detained and restrained Plaintiff against her will.

100.  Carter's detention and restraint of Plaintiff was unlawful.

101.  Carter had no reasonable grounds to believe that an indictable public offense within the meaning of Iowa Code section 804.7(3) had been committed by Plaintiff at the time he initiated arrest procedures.

102.  The County and County Sheriff's Office personnel knew there were no legal grounds for the arrest and detention of Plaintiff.

103.  Carter intended, and did, confine Plaintiff within boundaries fixed by Carter and the other Defendants (e.g. DPSD Cruiser, maintenance shed, and Dallas County jail).

104.  Plaintiff was conscious of the confinement, physically injured in the process, and in fear for her physical well-being.

105.  The period of detention exceeded the reasonable time necessary for an officer to dispense a ticket for failure to obey a stop sign.

106.  Through this unlawful arrest and false imprisonment, all Defendants violated Plaintiffs rights pursuant to the Iowa Constitution article I section 8.

107.  Defendants' acts falsely imprisoning and falsely arresting Plaintiff were willful and malicious.

108.  Defendants are liable under Iowa Code section 670.2 for tortious false arrest and false imprisonment.

**109.**   Defendants are liable under Iowa Code section 670.2 for violations of Plaintiff's rights under Iowa Constitution article I section 8 arising out of the unlawful arrest and false imprisonment.

**CAUSE NO. 2      Assault & Battery; Violation of Iowa Constitution article I section 8**

**110.**   Plaintiff incorporates the factual allegations of this Petition, both preceding and following, as if fully set forth in this Cause No. 2.

**111.**   Plaintiff asserts this Cause No. 2 against the Carter, DSPD, the City and all John Does.

**112.**   Carter's actions plead herein were deliberate acts intended to cause an apprehension of harmful or offensive contract.

**113.**   The physical arrest, threats of the use of Tasers, and isolation of Plaintiff for more than an hour in a machine shed with sharp tools and implements, without other potential witnesses or other law enforcement present, caused Plaintiff apprehension of harmful or physical contact.

**114.**   Carter knew, or should have known before being deployed to patrol, of his duties in arrest situations and intentionally violated those duties.

**115.**   Carter's actions were unreasonable and negligent.

**116.**   Carter, the City and DSPD committed the tort of assault.

**117.**   Carter took the deliberate act of throwing Plaintiff across the hood of her Vehicle.

**118.**   Carter took the deliberate act of forcefully restraining Plaintiff and excessively, under the circumstances, clamping hand cuffs so tight and to create physical and emotional damage to Plaintiff.

**119.**   Carter, the City and DSPD committed the tort of battery.

**120.**   Carter, the City, and DSPD's acts of assault and battery against Plaintiff were willful and

malicious.

121. The tortious assault and battery violated Plaintiffs rights under Iowa Constitution article I section 8.

122. Carter, the City, and DSPD are liable for assault, battery, and violations of the Iowa Constitution under Iowa Code § 670.2.

**CAUSE NO. 3    Tortious Invasion and Unlawful Entry into Plaintiff's Vehicle in Violation of Iowa Constitution article I section 8**

123. Plaintiff incorporates the factual allegations of this Petition, both preceding and following, as if fully set forth in this Cause No. 3.

124. Plaintiff asserts this Cause No. 3 against Carter, DSPD, the City and all John Does.

125. Carter's alleged cause for the traffic stop was an alleged rolling-stop through a stop sign, at mid-night, slow speeds, and little traffic.

126. As Carter approached the Plaintiffs vehicle immediately following the stop, Carter could clearly see the contents and occupants in the Vehicle through the windows of the Vehicle without entering the Vehicle.

127. Carter knew, or should have known if properly trained, as to the rights of citizens under Iowa Constitution article I section 8 to be secure in their persons, houses, papers and effects, against unreasonable seizures and searches.

128. Carter was not threatened or in imminent danger of any type at the time of the traffic stop.

129. Carter could view that he was not threatened or in imminent danger of any type when he stood and the passenger door and observed a 57 year-old woman and her extra small dog in the Vehicle.

130. Carter's insertion of his head and arms through the passenger window without any cause was a physical trespass on protected property and the use of means and methods of

investigation that violated Plaintiff's rights under Iowa Constitution article I section 8.

131.   Carter's acts of detaining Plaintiff for any period longer than necessary to issue a ticket for a rolling stop at a stop sign violated Plaintiff's rights under Iowa Constitution article I section 8.

132.   Carter, the City and DSPD's action in violating Plaintiff's rights were willful and malicious.

133.   Carter, the City, and DSPD are liable for such violations under Iowa Code § 670.2.

**CAUSE NO. 4     Tortious Infliction of Emotional Distress**

134.   Plaintiff incorporates the factual allegations of this Petition, both preceding and following, as if fully set forth in this Cause No. 4.

135.   Plaintiff asserts this Cause No. 4 against Carter, the City, DSPD, the County, the County Sheriff, and all John Does.

136.   Carter, with no probable cause to believe Plaintiff had committed an indictable offense, attempted to create an offense in retaliation for Plaintiff's lawful behavior and cooperation.

137.   Carter threw Plaintiff to the ground to create a situation in which he could manufacture an arrest.

138.   Carter's behavior after the arrest demonstrates the pretextual nature of his arrest for interference with official acts.

   a.   If Carter truly believed Plaintiff was resisting, he would not have taken her to a machine shed with sharp implements where no other person was present for her to potentially use them against him.

   b.   If Carter truly believed Plaintiff was resisting, he would not have demanded that Plaintiff walk behind him while the two entered the machine shed.

   c.   Both of these actions are not those of an officer fearing for his personal safety.

E-FILED  2023 MAR 29 10:45 AM DALLAS - CLERK OF DISTRICT COURT

139.   Carter acts were intentional to inflict emotional distress.

140.   Carter's acts recklessly disregarded the probability of inflicting emotional distress.

141.   Defendants removed Plaintiffs dog from the car. Defendants knew Plaintiff was the owner of the dog.

142.   Deputy Sanchez or some other agent of the Defendants transported Plaintiff's dog to the shelter and made the false statements to the shelter that the dog was found loose and wondering and that the identity of the owner was unknown.

143.   These false statements were knowingly and intentionally made.

144.   The shelter, in reliance on these false statements, placed Plaintiff's dog up for adoption and the shelter had received "several" inquiries about adopting the dog.

145.   The Defendants took such actions intending to cause Plaintiff emotional distress and damage.

146.   Plaintiff, in searching for her dog after being released from jail, found the social media post in which in picture of her dog appeared along with the shelter's statement that Deputy Sanchez had delivered the dog to them, that Sanchez had stated the dog had been wondering loose and its owner was unknown, and that if the owner did not appear the dog was available for adoption. Finding this post containing false information supplied by Defendants caused Plaintiff emotional distress.

147.   Plaintiff was damaged by the Defendants knowing and intentional infliction of emotional distress.

148.   The Defendants actions to inflict emotional distress were intentional, willful and malicious.

149.   The Defendants' action were in reckless disregard for the probability of causing Plaintiff emotional distress.

150.   The individual Defendants are liable for tortious infliction of emotional distress. The municipal defendants are liable for tortious infliction of emotional distress pursuant to Iowa Code § 670.2.

**CAUSE NO. 5    Violation of Duties under Iowa Code Chapter 80D and Implementing Regulations**

151.   Plaintiff incorporates the factual allegations of this Petition, both preceding and following, as if fully set forth in this Cause No. 5.

152.   Plaintiff asserts this Cause No. 5 against the City and DSPD.

153.   The City and DSPD have a duty to assure its peace officers and reserve officers employed are properly trained and certified.

154.   Carter was not properly trained to serve as a reserve officer.

155.   Carter was not properly certified to be a reserve officer.

156.   Carter's felony conviction made him ineligible to serve as a reserve officer.

157.   Carter's felony conviction made him ineligible to serve as a peace officer.

158.   The City and DSPD knew, or should have known, Carter was ineligible to be serving as a reserve officer when they deployed Carter to patrol alone the night of the events pled above.

159.   The City and DSPD had an obligation to assure the officers it deploys were lawfully peace officers or reserve officers.

160.   The City and DSPD breached their statutory duties under Chapter 80D and the regulations contained in 501 IAS Ch. 2.

161.   The City and DSPD hired Carter as a reserve officer knowing he was did not qualify to serve as a reserve officer under the laws of Iowa.

162.   The City and DSPD's serial hiring, termination, and re-hiring of Carter breached the statutory and administrative duties imposed by the above referenced statutes and

regulations.

163.   The City and DSPD violated their statutory and administrative duties to comply with the laws of the State of Iowa as to the hiring and qualifications of peace officers and reserve officers.

164.   The illegal deployment of Carter to patrol duty was the proximate cause of Plaintiff's damages.

165.   The City and DSPD's violations of their statutory and administrative duties were knowing, intentional, willful and malicious.

166.   The City and DSPD are liable for breach of these duties under Iowa Code § 670.2.

167.   Plaintiff was damaged and the proximate cause of those damages were the City's and DSPD's violation of their statutory and administrative duties as alleged herein.

**CAUSE NO. 6      Negligent Hiring, Supervision, and Retention**

168.   Plaintiff incorporates the factual allegations of this Petition, both preceding and following, as if fully set forth in this Cause No. 6.

169.   Plaintiff asserts this Cause No. 6 against the City and DSPD.

170.   Carter committed tortious acts as pled in this Petition.

171.   Carter was acting in his official capacity as an employee of the City and DSPD at the time those tortious acts occurred.

172.   The City and DSPD were under statutory, regulatory, and common law duties to prevent the wrongful and tortious conduct of Carter while acting under color of law as a reserve officer of the DSPD.

173.   The City and DSPD were under statutory and regulatory obligations to conduct and maintain records of the backgrounds of their deployed peace officers and reserve officers.

174.   The City and DSPD should have known of Carter's felony conviction.

175.   The City and DSPD deployed a convicted felon to patrol the streets of the City.

176.   The City's and DSPD's breach of their statutory and regulatory obligations were the proximate cause of the unlawful and tortious interaction that occurred between Plaintiff and Carter.

177.   The City and DSPD breached their statutory and regulatory obligations by hiring Carter when he was ineligible for hire.

178.   The City and DSPD breached their statutory and regulatory obligations to properly supervise a reserve officer who had not completed the training and certification requirements of the State of Iowa.

179.   The City and DSPD breached their statutory and regulatory obligations by retaining Carter after learning of his unlawful conduct in the situation alleged in this Petition, and after learning of his unlawful behavior both before and after the interaction between Plaintiff and Carter alleged herein.

180.   The incompetence, lack of training, and unfitness of Carter was the proximate cause of damage to Plaintiff.

181.   The City and DSPD's failures in employee background, hiring, and supervision were knowing, intentional, willful and malicious.

182.   Plaintiff was damaged and such damages were proximately caused by the City and DSPD's negligent hiring, supervision, and retention of Carter.

183.   The City and DSPD are liable for breach of these duties under Iowa Code § 670.2.

**CAUSE NO. 7    Malicious Prosecution**

184.   Plaintiff incorporates the factual allegations of this Petition, both preceding and following,

as if fully set forth in this Cause No. 7.

185.   Plaintiff asserts this Cause No. 7 against Carter, the City and DSPD.

186.   Carter submitted charges of operating while intoxicated knowing Plaintiff had passed all field sobriety tests and had a breathalyzer result of 0.0.

187.   The judge declined to arraign Plaintiff on OWI charges.

188.   Carter submitted, and Plaintiff was arraigned, on interference with official duties and failing to heed a stop sign.

189.   Both charges were dismissed by the State before trial for lack of evidence.

190.   Carter, the City, and DSPD instigated and procured the prosecution of Plaintiff.

191.   The prosecution was terminated by discharge of Plaintiff.

192.   Carter, the City, and DSPD lacked probable cause to believe Plaintiff committed the charges initiated by Carter.

193.   Carter, the City, and DSPD acted willfully and with malice against Plaintiff in bringing these charges.

194.   The wrongful prosecution damaged Plaintiff physically, emotionally, financially, and in connection with her employment.

195.   Carter is liable for malicious prosecution. The City and DSPD are liable for malicious prosecution under Iowa Code § 670.2.

**CAUSE NO. 8     Conversion; Unlawful Seizure; Violation of Iowa Constitution article I sections 1, 8, 18**

196.   Plaintiff incorporates the factual allegations of this Petition, both preceding and following, as if fully set forth in this Cause No. 8.

197.   Plaintiff asserts this Cause No. 8 against all Defendants.

198.   Defendants exercised dominion and control over Plaintiffs property.

199.   Defendants falsely stating that the dog was found loose and the owner unknown was an act inconsistent with, and in derogation of, Plaintiff's possessory rights to her dog.

200.   Defendants committed conversion of Plaintiff's property.

201.   Defendants wrongful conversion of Plaintiff's property deprived Plaintiff of her right to possess and protect property in violation of Iowa Constitution article I section 1.

202.   Defendants unlawfully seized Plaintiff's property in violation of Iowa Constitution article I section 8.

203.   Defendants unlawfully took Plaintiff's property in violation of Iowa Constitution article I section 18.

204.   Plaintiff was damaged financially and emotionally as a proximate cause of the unlawful conversion of her property.

205.   Defendants' actions to convert and take Plaintiff's property, and to attempt to deprive her of an ownership interest therein, were intentional, knowing, willful and malicious.

206.   The individual defendants are liable for conversion, and the municipal defendants are liable for conversion under Iowa Code § 670.2.

**CAUSE NO. 9     Failure to Expunge.**

207.   Plaintiff incorporates the factual allegations of this Petition, both preceding and following, as if fully set forth in this Cause No. 9.

208.   An order of expungement was entered by the Dallas County Court (Criminal No. SRCR044152).

209.   The Defendants have failed to comply with that expungement order.

210.   Plaintiff suffered employment questioning and emotional distress from a background check revealing information regarding the arresting and bonding subject to this Complaint.

**211.**  Plaintiff was damaged financially and emotionally as a proximate cause of the unlawful conversion of her property.

## REMEDIES AND REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendants on all Causes and provide the following relief:

(i)  Compensatory and other monetary damages and compensation to which Plaintiff is entitled and due, the amount of which will be proven at trial; and

(ii)  Interest on monetary damages legally available at the prevailing rate;

(iii)  Punitive damages to the extent legally available;

(iv)  Reasonable attorney's fees, reasonable expert witness fees, and other costs to which the Plaintiff is legally entitled;

(v)  That Plaintiff be granted a trial by jury as to all issues in the Petition;  and

(vi)  Such other and further relief, including equitable relief, to which the Plaintiff may be entitled and as the Court deems appropriate.

Dated: March 29, 2023

ATTORNEYS FOR THE PLAINTIFF

/s/ Shawn Shearer (AT0014824)
The Shearer Law Office, P.C.
108 Third Street, Suite 302
Des Moines, Iowa 50309-4758
Telephone (214) 717-1828
Email shawn@shearerlaw.pro

/s/ Theodore Sporer (AT0007453)
108 Third Street, Suite 302
Des Moines, Iowa 50309-4758
Telephone: (515) 989-6080
Facsimile (515) 414-7679
Email teddy@sporerlaw.com

E-FILED  2023 MAY 18 3:50 PM DALLAS - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | |
|---|---|
| LISA CRETSINGER, | **LAW NO.  LACV044156** |
| Plaintiffs, | |
| vs. | |
| CITY OF DE SOTO, IOWA; CITY OF DE SOTO, IOWA POLICE DEPARTMENT; BRANDON CARTER; DALLAS COUNTY, IOWA SHERIFF'S OFFICE; JOHN DOE NO. 1 (AKA DALLAS COUNTY DEPUTY SANCHEZ); and JOHN DOES NO. 2 TO 10, | **APPEARANCE** |
| Defendants. | |

**COMES NOW** Jason C. Palmer of Lamson Dugan & Murray LLP and hereby

enters his appearance on behalf of Defendants Dallas County, Iowa, Dallas County, Iowa

Sheriff's Office, and Deputy Sanchez.

DALLAS COUNTY, IOWA, DALLAS COUNTY, IOWA
SHERIFF'S OFFICE, AND DEPUTY SANCHEZ,
Defendants,

By:   _____
        Jason C. Palmer AT0006089
        LAMSON DUGAN & MURRAY LLP
        1045 76th Street, Suite 3000
        West Des Moines, Iowa 50266
        Telephone:    (515) 823-0458
        Facsimile:    (515) 298-6536
        E-Mail:        jpalmer@ldmlaw.com

ATTORNEY FOR DALLAS COUNTY, IOWA, DALLAS
COUNTY, IOWA SHERIFF'S OFFICE, AND DEPUTY
SANCHEZ

Original electronically filed.


Copy to:


Shawn Shearer
THE SHEARER LAW OFFICE, P.C.
108 Third Street, Suite 302
Des Moines, Iowa 50309-4758
Telephone (214) 717-1828
Email shawn@shearerlaw.pro

Theodore Sporer
108 Third Street, Suite 302
Des Moines, IA 50309-4758
Telephone (515) 989-6080
Facsimile (515) 414-7679
Email teddy@sporerlaw.com

ATTORNEYS FOR THE PLAINTIFF



CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the 18th of  May, 2023 by:

☐ U.S. Mail                    ☐ FAX
☐ Hand Delivered               ☐ UPS
☐ Federal Express              ☒ Other: EDMS

Analese M. Hauber

# IN THE IOWA DISTRICT COURT
## IN AND FOR
## DALLAS COUNTY

| | |
|---|---|
| LISA CRETSINGER <br><br>             Plaintiff, <br><br>     v. <br><br> CITY OF DE SOTO, IOWA; CITY OF DE SOTO, IOWA POLICE DEPARTMENT; BRANDON CARTER; DALLAS COUNTY, IOWA; DALLAS COUNTY, IOWA SHERIFF'S OFFICE; JOHN DOE NO. 1 (AKA DALLAS COUNTY DEPUTY SANCHEZ), JOHN DOES NO. 2 TO 10, <br><br>             Defendants. | Case No. LACV044156 <br><br> **FIRST AMENDED PETITION AT LAW** <br><br> **(Jury Demand)** |

COMES NOW, the Plaintiff, by and through the undersigned counsel, through this First

Amended Petition to Court at law against the above named Defendants states:

## TABLE OF CONTENTS

PARTIES .......................................................................................................................... 2

JURISDICTION AND VENUE ......................................................................................... 3

FACTUAL BACKGROUND .............................................................................................. 3

    Facts Surrounding Unlawful Arrest and Charges ........................................................ 3

    Dismissal of All Charges Against Plaintiff ................................................................. 8

    Theft/Conversion of Plaintiffs Property ..................................................................... 8

    Carter's Lack of Credentials/Negligent and Unlawful Hiring by City & DSPD ....................... 9

    Carter's Objective Knowledge at the Time Arrest was Initiated ............................................. 11

CAUSE NO. 1  Tortious False Arrest and False Imprisonment & Violations of the United States Constitution Amendment IV actionable under 42 U.S.C. § 1983 ...................... 13

CAUSE NO. 2  Tortious Assault & Battery & Violations of the United States Constitution Amendment IV actionable under 42 U.S.C. § 1983 ........................................... 14

CAUSE NO. 3  Tortious Invasion, Trespass and Unlawful Entry into Plaintiff's Vehicle & Violations of the United States Constitution Amendment IV actionable under 42 U.S.C. § 1983 ................................................................. 15

CAUSE NO. 4  Tortious Infliction of Emotional Distress ............................................................ 16

E-FILED  2023 JUN 05 10:17 AM DALLAS - CLERK OF DISTRICT COURT

CAUSE NO. 5  Violation of Duties under Iowa Code Chapter 80D and Implementing Regulations ............................................................................ 18

CAUSE NO. 6  Negligent Hiring, Supervision, and Retention .................................... 19

CAUSE NO. 7  Malicious Prosecution ......................................................................... 21

CAUSE NO. 8  Conversion; Unlawful Seizure & Violations of the United States Constitution Amendment IV, V and XIV actionable under 42 U.S.C. § 1983 ........................ 22

CAUSE NO. 9  Failure to Expunge. ............................................................................. 23

REMEDIES AND REQUEST FOR RELIEF .............................................................. 23

## PARTIES

**1.**     Plaintiff is a resident of Polk County, Iowa.

**2.**     Defendant City of De Soto ("City") is an Iowa city possessing those powers as set forth in Iowa Code Chapter 364, and may be served under Iowa Rule of Civil Procedure 1.305(8) by service upon the City Mayor or the City Clerk, each located at 405 Walnut Street, De Soto, Iowa 50069.

**3.**     Defendant City of De Soto Police Department ("DSPD") is the authorized police department for the City, and is located at 405 Walnut Street, De Soto, Iowa 50069

**4.**     Defendant Brandon Carter ("Carter") is an individual believed to be a resident of Iowa. Carter was serving as a reserve officer of the De Soto Police during the events described herein.

**5.**     Defendant Dallas County, Iowa ("County") is an Iowa county subject to home rule power and authority under Article III, Section 39A of the Iowa Constitution, and may be served under Iowa Rule of Civil Procedure 1.305(9) by service upon the Dallas County Auditor or upon the Chair of the Dallas County Board of Supervisors, each at 210 North 10th Street, Adel, IA 50003.

**6.**     Defendant Dallas County, Iowa Sheriff's Office ("County Sheriff") is the office of the County Sheriff and may be served under Iowa Rule of Civil Procedure 1.305(13) by service

E-FILED 2023 JUN 05 10:17 AM DALLAS - CLERK OF DISTRICT COURT

upon the sheriff or clerk, each located at 28985 Thin Blue Line Lane, Adel, Iowa 50003.

**7.** Defendant John Doe No. 1 (aka Deputy Sanchez) during the events described below is believed to have been a Deputy employed by the County Sheriff with jurisdiction in the areas of De Soto, Iowa and Dallas County, Iowa. The information currently available to Plaintiff is that Defendant John Doe No. 1 was a uniformed officer in a law enforcement cruiser at the time of the events plead herein and John Doe No. 1's last name is Sanchez. Plaintiff will seek to amend or otherwise identify John Doe No. 1 when the complete information is discovered.

**8.** Defendant John Does Nos. 2 to 10 are yet to be identified cities, counties, law enforcement agencies, and individuals the identity of whom is not available to Plaintiff, but known to the above named Defendants involved in the incidents plead below. Plaintiff will seek to amend or otherwise identify John Doe Nos. 2 to 10 when the complete information is discovered.

## JURISDICTION AND VENUE

**9.** This Court has jurisdiction to hear this matter pursuant to Iowa Constitution Article V, Section 6.

**10.** Venue is proper because Plaintiff all events occurred in Dallas County, Iowa.

## FACTUAL BACKGROUND

**11.** At all times during the events described below, Defendant Carter was acting as a purported uniformed law enforcement officer employed by the City and DSPD.

**12.** The City and DSPD are liable for acts of Carter and John Does while acting in their employ.

**13.** The County and County Sheriff are liable for the acts of Deputy Sanchez and John Does in their employ.

### Facts Surrounding Unlawful Arrest and Charges

**14.** At the times of the events and facts plead below, Plaintiff was a 57 year-old women residing

in Clive, Iowa.

15.  In the late afternoon of April 20, 2021, Plaintiff drove her 2018 Jeep Cherokee (the "Vehicle") from Clive to visit her mother, age 82, living near De Soto, Iowa. Plaintiff and her mother had dinner around 5:30 p.m.

16.  There was no window tinting on the Vehicle and the view of the interior of the Vehicle from the exterior of the Vehicle was unobstructed.

17.  Plaintiff's pet dog named Norman ("Norman"), a Havenese, an extra small breed, accompanied her in the Vehicle on this trip. Norman is approximately 10 inches in height and weighs 10 pounds or less and was in his kennel. At the times of the events plead below, Norman had received all of his vaccinations, was wearing a collar, and a rabies vaccination tag was attached to his collar.

18.  Around midnight the evening changing from April 20 to 21, 2021, Plaintiff put Norman in her Vehicle and left her mother's residence to drive back to Clive.

19.  Around 12:15 a.m., while passing through De Soto on Highway 169, Plaintiff stopped at the Kum & Go near the entry ramp to Interstate 80 and purchased cigarettes and a donut.

20.  Plaintiff left the Kum & Go and approached a stop sign less than a half-block from the Kum & Go parking exit. Plaintiff believed she had fully stopped at that sign, and proceed on her drive home towards the I-80 entrance ramp. There was no traffic on Highway 169.

21.  Plaintiff then saw police lights in her rear view mirror and pulled over on the I-80 entrance ramp.

22.  Defendant Carter was the uniformed De Soto "officer" making the stop in a marked DSPD cruiser. Carter stopped the DPSD cruiser behind and to the left of Plaintiff's Vehicle. Carter then approached the passenger side window of Plaintiff's Vehicle and shined a flashlight

E-FILED 2023 JUN 05 10:17 AM DALLAS - CLERK OF DISTRICT COURT

scanning the vehicle and then aimed the flashlight beam at Plaintiff.

**23.**   Plaintiff then lowered the passenger side window.

**24.**   Carter then asked Plaintiff where she had been and indicated Plaintiff had failed to make a complete stop at the stop sign.

**25.**   Carter then placed his head, hands, and arms through the open passenger window into the Vehicle.

**26.**   Carter returned to his cruiser for 10 to 20 minutes and then returned to the Plaintiff's passenger window carrying what appeared a traffic citation, but did not give the citation to Plaintiff.

**27.**   Carter then again stuck his head into the Vehicle and Carter claimed to have smelled alcohol.

**28.**   Carter then asked Plaintiff to exit the Vehicle and to sit in the back of Carter's cruiser while he searched the Vehicle. Plaintiff offered to take a breathalyzer and Carter refused to administer it.

**29.**   Plaintiff exited her vehicle Carter conducted field sobriety tests on Plaintiff.

**30.**   Upon information and belief, Carter is not authorized or certified to conduct field sobriety tests.

**31.**   During the process from stop through the sobriety tests, Plaintiff repeatedly requested to take a breathalyzer. Despite these requests, Carter continued to conduct additional sobriety test. Plaintiff performed all field sobriety tests without indication of intoxication or unlawful influence of substances.

**32.**   After the field sobriety tests, Plaintiff again asked to take a breathalyzer. Carter then conducted a field breathalyzer test on Plaintiff.

**33.**   The result of Plaintiff's breathalyzer test was 0.0.

E-FILED 2023 JUN 05 10:17 AM DALLAS - CLERK OF DISTRICT COURT

34.  Carter continued to harass Plaintiff even after the 0.0 test reading.

35.  Plaintiff's Vehicle was searched by Carter and no alcohol or other illegal substances or contraband were found in the Vehicle.

36.  A second officer, believed to be John Doe No. 1 (Deputy Sanchez) arrived at the scene and parked his vehicle several car lengths behind Carter's vehicle. John Doe stood by his cruiser, and faced north, not watching the interaction between Carter and Plaintiff.

37.  Carter, without cause, forcefully pushed Plaintiff over the hood of her Vehicle causing Plaintiff to fall to the ground suffering injuries (bruises and scrapes).

38.  While Plaintiff was on the ground, Carter grabbed towards his Taser, and Carter stated that he would "taze" Plaintiff if she did not cooperate. Plaintiff was in fear and explained she had fallen because she had been thrown.

39.  Plaintiff regained her feet and Carter forcefully placed handcuffs on Plaintiff and advised Plaintiff she was under arrest.

40.  Plaintiff immediately complained that the cuffs were excessively tight. Carter did nothing to loosen the cuffs. Carter failed to double-lock the cuffs and further tightening occurred.

41.  Plaintiff suffered bruising and visible wrist marks from the cuffs.

42.  Plaintiff was physically injured by being thrown to the ground, the application and tightness of the hand cuffs, and Carter's negligence and lack of training in proper use of the cuffs.

43.  Plaintiff asked Carter what would be done with her little dog Norman who was still in the Vehicle. Plaintiff offered to have her brother come to retrieve the Vehicle and Norman.

44.  Carter told Plaintiff Norman would be taken by the other officer, John Doe No. 1 (upon information and belief, Deputy Sanchez) and the Vehicle would be towed.

45.  Around 1:00 a.m. April 21, 2021, Plaintiff was placed in the backseat of Carter's DSPD

cruiser.

46.   After placing Plaintiff in the DSPD cruiser, Carter went to speak with John Doe No. 1 (Deputy Sanchez) and left Plaintiff in the cruiser. While in the DSPD cruiser, Plaintiff overhead dispatch on the radio indicating with confusion why a 0.0 was being brought-in.

47.   Carter then drove the DPSD cruiser with Plaintiff in the backseat to a maintenance shed. Plaintiff was removed from the cruiser still handcuffed. Carter directed Plaintiff to enter the shed. When Plaintiff began walking towards the shed, Carter forcefully ordered that Plaintiff walk behind him, not in-front of him, towards the door to the shed.

48.   Plaintiff followed Carter into the maintenance shed.

49.   The maintenance shed was filled with sharp gardening and landscaping tools and equipment. Plaintiff, still handcuffed, was told to take a seat.

50.   In observing her immediate surroundings in the shed, with multiple sharp tools readily available, her isolation with Carter in the shed, and Carter's previous forcefulness, aggression, and threats to "taze" her, Plaintiff believed that the shed was a "kill room" or "rape room."

51.   In the shed, handcuffed tightly, and with sharp tools/weapons surrounding her, and with no other officers or people in the shed or visible recording or surveillance devices, Plaintiff felt fear of imminent physical harm being done to her by Carter.

52.   Carter sat down in the shed and began typing on a laptop.

53.   After Plaintiff and Carter spent more than an hour in the maintenance shed, the entire time Plaintiff fearing for her life and physical well-being, Carter placed Plaintiff back into his vehicle and drove to the Dallas County jail in Adel, Iowa.

54.   Carter arrived with Plaintiff at the Dallas County jail in Adel at approximately 3:00 a.m. on

E-FILED  2023 JUN 05 10:17 AM DALLAS - CLERK OF DISTRICT COURT

April 21, 2021.

55. Nearly three hours had elapsed between the initial traffic stop and Plaintiff's arrival at the Dallas County jail.

56. Plaintiff was not immediately processed. The Plaintiff observed that the jailers and staff at the County jail were not cooperative with Carter and irritated with Carter.

57. Plaintiff's brother arrived at the jail, and Plaintiff was released at approximately 4:00 a.m. on April 21, 2021.

58. At some point after Plaintiff's arrest her Vehicle was towed to the pound.

### Dismissal of All Charges Against Plaintiff

59. Based upon Plaintiff's 0.0 breathalyzer, the magistrate refused to arraign on charges of OWI.

60. Plaintiff was charged with interference with official acts in violation of Iowa Code §719.1(1)(b) and failure to obey a stop Sign and Yield Right of Way in violation of Iowa Code § 321.322(1). (Dallas County Crim. No. SMAC055215)

61. All charges against Plaintiff ultimately were dismissed, with prejudice, pursuant to Rule 2.33(1) of the Iowa Rules of Court.

62. Despite Plaintiff pursuing procedures to expunge records of these events pursuant to Iowa Code section 901C.1, Plaintiff has suffered adverse employment actions based on the records of these events being available to employers.

### Theft/Conversion of Plaintiffs Property

63. Norman, Plaintiff's dog in the Vehicle at the time of her arrest, was over six months of age and had a collar indicating compliance with Iowa's rabies vaccination requirements.

64. Under Iowa Code § 351.25, Plaintiff's dog, Norman, is considered Plaintiff's property.

65. John Doe No. 1 (aka Deputy Sanchez) took Norman out of the Vehicle and took, or arranged

for the transportation of, Norman to the A Heinz 57 Pet Rescue and Transport animal shelter.

66.  Sanchez told the shelter that Norman dog had been found loose and wandering the highway, and that he did not know who the owner was.

67.  Sanchez's statements to the shelter were knowingly false. Sanchez did not find Norman loose wondering the highway. Sanchez knew the owner's identity. Sanchez knew the owner, the Plaintiff, would retrieve Norman.

68.  The shelter took-in Norman, took Norman's photo, and posted/tweeted that Sanchez had informed the shelter that the owner was unknown and that dog was available for adoption.

69.  When Plaintiff retrieved Norman from the shelter later during the day of April 21, 2021, the shelter informed Plaintiffs that the shelter had received a number of requests to adopt Norman and the shelter would have soon placed Norman with new owners had Plaintiff not arrived quickly.

**<u>Carter's Lack of Credentials/Negligent and Unlawful Hiring by City & DSPD</u>**

70.  During the events of April 20 & 21, 2021 described in the preceding paragraphs, Carter was:

   a.  purportedly serving a "reserve peace officer" hired by the City and DSPD; and

   b.  was armed.

71.  Iowa Code §§ 80D.2 and 80D.3 provide for the director of the Iowa Law Enforcement Academy to establish personal standards (physical, educational, mental, and moral fitness) and training requirements for members of the reserve force.

72.  The Iowa Law Enforcement Academy has established minimum standards for Iowa Law Enforcement Officers. IAC 501-Ch. 2.

73.  Pursuant to IAC 501-2.1(5) a peace officer must be of "good moral character" and must not

have been "convicted of a felony."

74. Carter has been convicted of at least one felony and will never satisfy the requirements for serving as a law enforcement officer under the existing Iowa Law Enforcement Academy rules.

75. Carter's felony conviction could easily be found through a background check properly conducted by the City or DSPD.

76. Upon information and belief, Carter has also received a deferred sentence for assault in Iowa and been subject to withdrawn charges of domestic abuse in Iowa. Information as to these charges was available to Defendants.

77. Cater has not completed the required courses and training to serve as a reserve officer.

78. The City and DSPD knew Carter had not completed the required courses and training to serve as a reserve officer.

79. Carter failed to satisfy the requirements to be appointed a reserve officer in IAC 501-Ch. 8.

80. Conviction of a felony excludes Carter from appointment as a reserve officer under IAC 501-10.1(5).

81. The City and DSPD knew, or should have known, that Carter could never satisfy the standards to be certified as a regular peace officer. IAC 501-Ch. 3.

82. Under IAC 501-10.3(1) any person appointed to serve as a reserve police officer must complete all of the required training and supervised time within 18 months from the date of their appointment as a reserve peace officer.

83. Carter has not completed the required reserve officer requirements within 18 months of his first appointment by DSPD as a reserve peace officer.

84. The City and DSPD have engaged in serial appointments, removal, and re-appointments of

E-FILED  2023 JUN 05 10:17 AM DALLAS - CLERK OF DISTRICT COURT

Carter as a reserve officer to avoid compliance with the IAC training and testing requirements.

85. The removals and re-appointments do not restart the time for completion of the required courses and training. Carter has failed to complete the required courses and training within the timeframe required by IAC 501-10.3(4).

86. On April 20, 2021, the City and DSPD:

    **a.** knew Carter was not certified as a reserve officer;

    **b.** knew or should have known Carter could not be certified as a reserve officer;

    **c.** knew, or should have known, Carter could not be certified as a regular peace officer.

87. With the knowledge pled in the immediately preceding paragraph, DSPD intentionally deployed Carter, in uniform, and armed, to patrol on April 20, 2021.

88. Each of the causes of action against the City and DSPD set forth in this Petition result from the officially sanctioned customs or policies of those organizations.

**Carter's Objective Knowledge at the Time Arrest was Initiated**

89. At the time Carter initiated the procedure to physically detain and arrest the Plaintiff, Carter knew the following:

    **a.** The stop was initiated because Carter believed he had observed a rolling stop at a stop-sign;

    **b.** Plaintiff is a 57 year-old female, driving alone with Norman, a small dog weighing less than 10 pounds in the car, and no criminal record or warrants;

    **c.** Plaintiff had satisfactorily completed all field sobriety tests;

    **d.** Plaintiff had submitted to a field breathalyzer with a 0.0 result; and

    **e.** Plaintiff's Vehicle had been searched and no alcohol or other substances were

E-FILED 2023 JUN 05 10:17 AM DALLAS - CLERK OF DISTRICT COURT

located.

90.     With this knowledge, Carter nevertheless initiated a warrantless arrest and threw Plaintiff across the hood of her car causing her to fall to the ground.

91.     Carter had no reasonable grounds for believing the Plaintiff had committed an "indictable public offense" as defined in Iowa Code section 804.7(3) at the time he initiated the arrest procedure causing Plaintiff to fall to the ground. The only possible violation committed by Plaintiff was a failure to obey a stop sign, which is not an offense for which the law authorizes a warrantless arrest.

92.     The stop and detention on the road was extensively long for a minor traffic violation.

93.     It was only upon Carter's act to forcefully arrest the Plaintiff, causing Plaintiff to fall, that Carter with pretext, animus, and intent, then wrongly used as a basis to assert Plaintiff was attempting to avoid arrest and Carter threatened to use his Taser.

94.     Carter based his arrest on the fall, which should not have ever occurred because arrest for interference with official acts was not warranted prior to Carter throwing Plaintiff across the hood of the car when at worst all she had done is a rolling stop, followed by compliance with all sobriety tests and a 0.0 breathalyzer.

95.     Cater knowingly attempted to manufacture an offense that did not exist by forcefully attempting an arrest for which he knew, or should have known, no lawful cause existed.

96.     Carter held Plaintiff in a machine shed, alone with him, for more than an hour to avoid returning to duty before delivering Plaintiff to the Dallas County jail.  The initial traffic stop was around 12:15 a.m. and Plaintiff arrived at the Dallas County jail at 3:00 a.m and was released at 4:00. For a rolling stop, this detention time is excessive. Plaintiff's breathalyzer was 0.0 and all charges were dismissed.

E-FILED  2023 JUN 05 10:17 AM DALLAS - CLERK OF DISTRICT COURT

**CAUSE NO. 1**   **Tortious False Arrest and False Imprisonment & Violations of the United States Constitution Amendment IV actionable under 42 U.S.C. § 1983**

97.   Plaintiff incorporates the factual allegations of this Petition, both preceding and following, as if fully set forth in this Cause No. 1.

98.   Plaintiff asserts this Cause No. 1 against the all Defendants.

99.   Carter detained and restrained Plaintiff against her will.

100.   Carter's detention and restraint of Plaintiff was unlawful.

101.   Carter had no reasonable grounds to believe that an indictable public offense within the meaning of Iowa Code section 804.7(3) had been committed by Plaintiff at the time he initiated arrest procedures.

102.   The County and County Sheriff's Office personnel knew there were no legal grounds for the arrest and detention of Plaintiff.

103.   Carter intended, and did, confine Plaintiff within boundaries fixed by Carter and the other Defendants (e.g. DPSD Cruiser, maintenance shed, and Dallas County jail).

104.   Plaintiff was conscious of the confinement, physically injured in the process, and in fear for her physical well-being.

105.   The period of detention exceeded the reasonable time necessary for an officer to dispense a ticket for failure to obey a stop sign.

106.   Through this unlawful arrest and false imprisonment, all Defendants violated Plaintiffs rights pursuant to the Iowa Constitution article I section 8.

107.   Defendants' acts falsely imprisoning and falsely arresting Plaintiff were willful and malicious.

108.   Defendants are liable under Iowa Code section 670.2 for tortious false arrest and false imprisonment.

109.   Defendants' same acts plead above violated Plaintiff's rights under Amendment IV of the United States Constitution and Defendants are liable under 42 U.S.C. § 1983.

**CAUSE NO. 2     Tortious Assault & Battery & Violations of the United States Constitution Amendment IV actionable under 42 U.S.C. § 1983**

110.   Plaintiff incorporates the factual allegations of this Petition, both preceding and following, as if fully set forth in this Cause No. 2.

111.   Plaintiff asserts this Cause No. 2 against the Carter, DSPD, the City and all John Does.

112.   Carter's actions plead herein were deliberate acts intended to cause an apprehension of harmful or offensive contract.

113.   The physical arrest, threats of the use of Tasers, and isolation of Plaintiff for more than an hour in a machine shed with sharp tools and implements, without other potential witnesses or other law enforcement present, caused Plaintiff apprehension of harmful or physical contact.

114.   Carter knew, or should have known before being deployed to patrol, of his duties in arrest situations and intentionally violated those duties.

115.   Carter's actions were unreasonable and negligent.

116.   Carter, the City and DSPD committed the tort of assault.

117.   Carter took the deliberate act of throwing Plaintiff across the hood of her Vehicle.

118.   Carter took the deliberate act of forcefully restraining Plaintiff and excessively, under the circumstances, clamping hand cuffs so tight and to create physical and emotional damage to Plaintiff.

119.   Carter, the City and DSPD committed the tort of battery.

120.   Carter, the City, and DSPD's acts of tortious assault and battery against Plaintiff were willful and malicious.

E-FILED  2023 JUN 05 10:17 AM DALLAS - CLERK OF DISTRICT COURT

121.   Carter, the City, and DSPD are liable for assault, battery, and violations of the Iowa Constitution under Iowa Code § 670.2.

122.   Defendants' same acts plead above violated Plaintiff's rights under Amendment IV of the United States Constitution and Defendants are liable under 42 U.S.C. § 1983.

**CAUSE NO. 3      Tortious Invasion, Trespass and Unlawful Entry into Plaintiff's Vehicle & Violations of the United States Constitution Amendment IV actionable under 42 U.S.C. § 1983**

123.   Plaintiff incorporates the factual allegations of this Petition, both preceding and following, as if fully set forth in this Cause No. 3.

124.   Plaintiff asserts this Cause No. 3 against Carter, DSPD, the City and all John Does.

125.   Carter's alleged cause for the traffic stop was an alleged rolling-stop through a stop sign, at mid-night, slow speeds, and little traffic.

126.   As Carter approached the Plaintiffs vehicle immediately following the stop, Carter could clearly see the contents and occupants in the Vehicle through the windows of the Vehicle without entering the Vehicle.

127.   Carter knew, or should have known if properly trained, as to the rights of citizens under Iowa Constitution article I section 8 and Amendment IV to the United States Constitution to be secure in their persons, houses, papers and effects, against unreasonable seizures and searches.

128.   Carter was not threatened or in imminent danger of any type at the time of the traffic stop.

129.   Carter could view that he was not threatened or in imminent danger of any type when he stood and the passenger door and observed a 57 year-old woman and her extra-small dog in a dog carrier in the Vehicle.

130.   Carter's insertion of his head and arms through the passenger window without any cause

E-FILED  2023 JUN 05 10:17 AM DALLAS - CLERK OF DISTRICT COURT

was a physical trespass on protected property and the use of means and methods of investigation that violated Plaintiff's rights under United States Constitution, Amendment IV.

131.  Carter's acts of detaining Plaintiff for any period longer than necessary to issue a ticket for a rolling stop at a stop sign violated Plaintiff's rights under United States Constitution, Amendment IV and Iowa Constitution article I section 8.

132.  Carter, the City and DSPD's actions constituted tortious trespass and unlawful entry into Plaintiff's Vehicle.

133.  Carter, the City and DPSD's acts in violating Plaintiff's rights were willful and malicious.

134.  Carter, the City, and DSPD are liable for their tortious conduct under Iowa Code § 670.2.

135.  Defendants' same acts plead above violated Plaintiff's rights under Amendment IV of the United States Constitution and Defendants are liable under 42 U.S.C. § 1983.

**CAUSE NO. 4     Tortious Infliction of Emotional Distress**

136.  Plaintiff incorporates the factual allegations of this Petition, both preceding and following, as if fully set forth in this Cause No. 4.

137.  Plaintiff asserts this Cause No. 4 against Carter, the City, DSPD, the County, the County Sheriff, and all John Does.

138.  Carter, with no probable cause to believe Plaintiff had committed an indictable offense, attempted to create an offense in retaliation for Plaintiff's lawful behavior and cooperation.

139.  Carter threw Plaintiff to the ground to create a situation in which he could manufacture an arrest.

140.  Carter's behavior after the arrest demonstrates the pretextual nature of his arrest for interference with official acts.

E-FILED 2023 JUN 05 10:17 AM DALLAS - CLERK OF DISTRICT COURT

     **a.** If Carter truly believed Plaintiff was resisting, he would not have taken her to a machine shed with sharp implements where no other person was present for her to potentially use them against him.

     **b.** If Carter truly believed Plaintiff was resisting, he would not have demanded that Plaintiff walk behind him while the two entered the machine shed.

     **c.** Both of these actions are not those of an officer fearing for his personal safety.

**141.** Carter acts were intentional to inflict emotional distress.

**142.** Carter's acts recklessly disregarded the probability of inflicting emotional distress.

**143.** Defendants removed Plaintiff's dog from the car. Defendants knew Plaintiff was the owner of the dog.

**144.** Deputy Sanchez or some other agent of the Defendants transported Plaintiff's dog to the shelter and made the false statements to the shelter that the dog was found loose and wondering and that the identity of the owner was unknown.

**145.** These false statements were knowingly and intentionally made.

**146.** The shelter, in reliance on these false statements, placed Plaintiff's dog up for adoption and the shelter had received "several" inquiries about adopting the dog.

**147.** The Defendants took such actions intending to cause Plaintiff emotional distress and damage.

**148.** Plaintiff, in searching for Norman after being released from jail, found the social media post in which in picture of Norman appeared along with the shelter's statement that Deputy Sanchez had delivered the dog to them, that Sanchez had stated the dog had been wondering loose and its owner was unknown, and that if the owner did not appear the dog was available for adoption. Finding this post containing false information supplied by Defendants caused

E-FILED 2023 JUN 05 10:17 AM DALLAS - CLERK OF DISTRICT COURT

Plaintiff emotional distress.

149.   Plaintiff was damaged by the Defendants knowing and intentional infliction of emotional distress.

150.   The Defendants actions to inflict emotional distress were intentional, willful and malicious.

151.   The Defendants' action were in reckless disregard for the probability of causing Plaintiff emotional distress.

152.   The individual Defendants are liable for tortious infliction of emotional distress. The municipal defendants are liable for tortious infliction of emotional distress pursuant to Iowa Code § 670.2.

**CAUSE NO. 5     Violation of Duties under Iowa Code Chapter 80D and Implementing Regulations**

153.    Plaintiff incorporates the factual allegations of this Petition, both preceding and following, as if fully set forth in this Cause No. 5.

154.   Plaintiff asserts this Cause No. 5 against the City and DSPD.

155.   The City and DSPD have a duty to assure its peace officers and reserve officers employed are properly trained and certified.

156.   Carter was not properly trained to serve as a reserve officer.

157.   Carter was not properly certified to be a reserve officer.

158.   Carter's felony conviction made him ineligible to serve as a reserve officer.

159.   Carter's felony conviction made him ineligible to serve as a peace officer.

160.   The City and DSPD knew, or should have known, Carter was ineligible to be serving as a reserve officer when they deployed Carter to patrol alone the night of the events pled above.

161.   The City and DSPD had an obligation to assure the officers it deploys were lawfully peace officers or reserve officers.

E-FILED 2023 JUN 05 10:17 AM DALLAS - CLERK OF DISTRICT COURT

162.   The City and DSPD breached their statutory duties under Chapter 80D and the regulations contained in 501 IAS Ch. 2.

163.   The City and DSPD hired Carter as a reserve officer knowing he was did not qualify to serve as a reserve officer under the laws of Iowa.

164.   The City and DSPD's serial hiring, termination, and re-hiring of Carter breached the statutory and administrative duties imposed by the above referenced statutes and regulations.

165.   The City and DSPD violated their statutory and administrative duties to comply with the laws of the State of Iowa as to the hiring and qualifications of peace officers and reserve officers.

166.   The illegal deployment of Carter to patrol duty was the proximate cause of Plaintiff's damages.

167.   The City and DSPD's violations of their statutory and administrative duties were knowing, intentional, willful and malicious.

168.   The City and DSPD are liable for breach of these duties under Iowa Code § 670.2.

169.   Plaintiff was damaged and the proximate cause of those damages were the City's and DSPD's violation of their statutory and administrative duties as alleged herein.

**CAUSE NO. 6     Negligent Hiring, Supervision, and Retention**

170.   Plaintiff incorporates the factual allegations of this Petition, both preceding and following, as if fully set forth in this Cause No. 6.

171.   Plaintiff asserts this Cause No. 6 against the City and DSPD.

172.   Carter committed tortious acts as pled in this Petition.

173.   Carter was acting in his official capacity as an employee of the City and DSPD at the time

those tortious acts occurred.

174.  The City and DSPD were under statutory, regulatory, and common law duties to prevent the wrongful and tortious conduct of Carter while acting under color of law as a reserve officer of the DSPD.

175.  The City and DSPD were under statutory and regulatory obligations to conduct and maintain records of the backgrounds of their deployed peace officers and reserve officers.

176.  The City and DSPD should have known of Carter's felony conviction.

177.  The City and DSPD deployed a convicted felon to patrol the streets of the City.

178.  The City's and DSPD's breach of their statutory and regulatory obligations were the proximate cause of the unlawful and tortious interaction that occurred between Plaintiff and Carter.

179.  The City and DSPD breached their statutory and regulatory obligations by hiring Carter when he was ineligible for hire.

180.  The City and DSPD breached their statutory and regulatory obligations to properly supervise a reserve officer who had not completed the training and certification requirements of the State of Iowa.

181.  The City and DSPD breached their statutory and regulatory obligations by retaining Carter after learning of his unlawful conduct in the situation alleged in this Petition, and after learning of his unlawful behavior both before and after the interaction between Plaintiff and Carter alleged herein.

182.  The incompetence, lack of training, and unfitness of Carter was the proximate cause of damage to Plaintiff.

183.  The City and DSPD's failures in employee background, hiring, and supervision were

knowing, intentional, willful and malicious.

**184.** Plaintiff was damaged and such damages were proximately caused by the City and DSPD's negligent hiring, supervision, and retention of Carter.

**185.** The City and DSPD are liable for breach of these duties under Iowa Code § 670.2.

**CAUSE NO. 7     Malicious Prosecution**

**186.** Plaintiff incorporates the factual allegations of this Petition, both preceding and following, as if fully set forth in this Cause No. 7.

**187.** Plaintiff asserts this Cause No. 7 against Carter, the City and DSPD.

**188.** Carter submitted charges of operating while intoxicated knowing Plaintiff had passed all field sobriety tests and had a breathalyzer result of 0.0.

**189.** The judge declined to arraign Plaintiff on OWI charges.

**190.** Carter submitted, and Plaintiff was arraigned, on interference with official duties and failing to heed a stop sign.

**191.** Both charges were dismissed by the State before trial for lack of evidence.

**192.** Carter, the City, and DSPD instigated and procured the prosecution of Plaintiff.

**193.** The prosecution was terminated by discharge of Plaintiff.

**194.** Carter, the City, and DSPD lacked probable cause to believe Plaintiff committed the charges initiated by Carter.

**195.** Carter, the City, and DSPD acted willfully and with malice against Plaintiff in bringing these charges.

**196.** The wrongful prosecution damaged Plaintiff physically, emotionally, financially, and in connection with her employment.

**197.** Carter is liable for malicious prosecution. The City and DSPD are liable for malicious

prosecution under Iowa Code § 670.2.

**CAUSE NO. 8     Conversion; Unlawful Seizure & Violations of the United States Constitution Amendment IV, V and XIV actionable under 42 U.S.C. § 1983**

198.    Plaintiff incorporates the factual allegations of this Petition, both preceding and following, as if fully set forth in this Cause No. 8.

199.    Plaintiff asserts this Cause No. 8 against all Defendants.

200.    Defendants exercised dominion and control over Plaintiffs property.

201.    Defendants' falsely stating that the dog was found loose and the owner unknown was an act inconsistent with, and in derogation of, Plaintiff's possessory rights to her dog.

202.    Defendants committed conversion of Plaintiff's property.

203.    Defendants wrongful conversion of Plaintiff's property deprived Plaintiff of her right to possess and protect property in violation of Iowa Constitution article I section 1.

204.    Defendants unlawfully seized Plaintiff's property in violation of Iowa Constitution article I section 8.

205.    Defendants unlawfully took Plaintiff's property in violation of Iowa Constitution article I section 18.

206.    Plaintiff was damaged financially and emotionally as a proximate cause of the unlawful conversion of her property.

207.    Defendants' actions to convert and take Plaintiff's property, and to attempt to deprive her of an ownership interest therein, were intentional, knowing, willful and malicious.

208.    The individual defendants are liable for conversion, and the municipal defendants are liable for conversion under Iowa Code § 670.2.

209.    Defendants are liable under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the

E-FILED  2023 JUN 05 10:17 AM DALLAS - CLERK OF DISTRICT COURT

United States Constitution Amendments IV, V and XIV.

**CAUSE NO. 9    Failure to Expunge.**

210.  Plaintiff incorporates the factual allegations of this Petition, both preceding and following, as if fully set forth in this Cause No. 9.

211.  An order of expungement was entered by the Dallas County Court (Criminal No. SRCR044152).

212.  The Defendants have failed to comply with that expungement order.

213.  Plaintiff suffered employment questioning and emotional distress from a background check revealing information regarding the arresting and bonding subject to this Complaint.

214.  Plaintiff was damaged financially and emotionally as a proximate cause of the unlawful conversion of her property.

## REMEDIES AND REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendants on all Causes and provide the following relief:

(i)     Compensatory and other monetary damages and compensation to which Plaintiff is entitled and due, the amount of which will be proven at trial; and

(ii)    Interest on monetary damages legally available at the prevailing rate;

(iii)   Punitive damages to the extent legally available;

(iv)    Reasonable attorney's fees, reasonable expert witness fees, and other costs to which the Plaintiff is legally entitled;

(v)     That Plaintiff be granted a trial by jury as to all issues in the Petition;  and

(vi)    Such other and further relief, including equitable relief, to which the Plaintiff may be entitled and as the Court deems appropriate.

E-FILED 2023 JUN 05 10:17 AM DALLAS - CLERK OF DISTRICT COURT

Dated: June 5, 2023

ATTORNEYS FOR THE PLAINTIFF

/s/ Shawn Shearer (AT0014824)
The Shearer Law Office, P.C.
108 Third Street, Suite 302
Des Moines, Iowa 50309-4758
Telephone (214) 717-1828
Email shawn@shearerlaw.pro

/s/ Theodore Sporer (AT0007453)
108 Third Street, Suite 302
Des Moines, Iowa 50309-4758
Telephone: (515) 989-6080
Facsimile (515) 414-7679
Email teddy@sporerlaw.com

E-FILED  2023 JUN 05 10:17 AM DALLAS - CLERK OF DISTRICT COURT

**IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY**

| | |
|---|---|
| LISA CRETSINGER<br><br>                              Plaintiff,<br><br>            vs.<br><br>CITY OF DE SOTO, IOWA; CITY OF DE SOTO, IOWA POLICE DEPARTMENT; BRANDON CARTER; DALLAS COUNTY, IOWA; DALLAS COUNTY, IOWA SHERIFF'S OFFICE; JOHN DOE NO. 1 (AKA DALLAS COUNTY DEPUTY SANCHEZ), JOHN DOES NO. 2 TO 10<br><br>                              Defendants. | Case No. LACV044156<br><br><br>CIVIL ORIGINAL NOTICE |

**TO THE ABOVE-NAMED DEFENDANTS:**

You are notified that a petition has been filed in the office of the clerk of this court naming you as a Respondent in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name and address of Petitioner's attorneys are Theodore Sporer whose address is, 108 Third Street, Suite 302, Des Moines, Iowa 50309-4758; telephone number is (515) 689-6080; facsimile number is (515) 414-7679 and email address is teddy@sporerlaw.com; and Shawn Shearer, whose address is 108 Third Street, Suite 302; telephone number (214) 717-1828 and email address is shawn@shearerlaw.pro.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer, in the Iowa District Court for Dallas County, at the courthouse in Adel, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.   Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

If you need assistance to participate in court due to a disability, call the disability coordinator, Toni Stevens, 515-286-3394, toni.stevens@iowacourts.gov.  Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). Disability coordinators cannot provide legal advice.  **IMPORTANT**: YOU ARE ADVISED TO SEEK LEGAL ADVICE TO PROTECT YOUR INTERESTS

E-FILED  2023 JUN 05 10:41 AM DALLAS - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.* **LACV044156**

*County* **Dallas**

*Case Title*   LISA CRETSINGER V. CITY OF DE SOTO, IOWA ET AL.

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **06/05/2023 10:41:21 AM**



*District Clerk of Court or/by Clerk's Designee of* Dallas          *County*

**/s/ Lisa Lombard**

## AFFIDAVIT OF SERVICE

| Case:<br>LACV044156 | Court:<br>IN THE IOWA DISTRICT COURT | County:<br>FOR DALLAS COUNTY | Job:<br>9021928 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>LISA CRETSINGER | | **Defendant / Respondent:**<br>CITY OF DE SOTO, IOWA; CITY OF DE SOTO, IOWA POLICE DEPARTMENT; BRANDON CARTER; DALLAS COUNTY, IOWA; DALLAS COUNTY, IOWA SHERIFF'S OFFICE; JOHN DOE NO. 1 (AKA DALLAS COUNTY DEPUTY SANCHEZ), JOHN DOES NO. 2 TO 10 | |
| **Received by:**<br>Iowa Process Service | | **For:**<br>The Shearer Law Office, P.C. | |
| **To be served upon:**<br>Dallas County, Iowa Sheriff's Office | | | |

I, Kyle Gray, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Adam Infante, Sheriff of Dallas County, Iowa Sheriff's Office, 28985 Thin Blue Line Lane, Adel, IA 50003

**Manner of Service:** Authorized, Jun 15, 2023, 11:13 am CDT

**Documents:** Civil Original Notice; First Amended Petition at Law (Jury Demand) (Received Jun 13, 2023 at 12:02pm CDT)

### Additional Comments:
1) Served: Jun 15, 2023, 11:13 am CDT at 28985 Thin Blue Line Lane, Adel, IA 50003 received by Adam Infante, Sheriff of Dallas County, Iowa Sheriff's Office. Age: 45; Ethnicity: Caucasian; Gender: Male; Weight: 175; Height: 5'8"; Hair: Blond;

/s/Kyle Gray          06/16/2023

Kyle Gray          **Date**

Iowa Process Service
1109 N C St
Indianola, IA 50125
(515) 243-7378

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Halee Ann Rice

**Notary Public**

June 16, 2023          02/18/2024

**Date**          **Commission Expires**

HALEE ANN RICE
Commission Number 830262
My Commission Expires
February 18, 2024

E-FILED  2023 JUN 16 10:34 AM DALLAS - CLERK OF DISTRICT COURT

# AFFIDAVIT OF SERVICE

| Case:<br>LACV044156 | Court:<br>IN THE IOWA DISTRICT COURT | County:<br>FOR DALLAS COUNTY | Job:<br>9021796 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>LISA CRETSINGER | | **Defendant / Respondent:**<br>CITY OF DE SOTO, IOWA; CITY OF DE SOTO, IOWA POLICE DEPARTMENT; BRANDON CARTER; DALLAS COUNTY, IOWA; DALLAS COUNTY, IOWA SHERIFF'S OFFICE; JOHN DOE NO. 1 (AKA DALLAS COUNTY DEPUTY SANCHEZ), JOHN DOES NO. 2 TO 10 | |
| **Received by:**<br>Iowa Process Service | | **For:**<br>The Shearer Law Office, P.C. | |
| **To be served upon:**<br>City of De Soto, Iowa c/o City Hall | | | |

I, Kyle Gray, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Maraia Thomas, City Clerk for City of De Soto, Iowa c/o City Hall, 405 Walnut St, De Soto, IA 50069

**Manner of Service:**   Authorized, Jun 14, 2023, 3:10 pm CDT

**Documents:**   Civil Original Notice; First Amended Petition at Law (Jury Demand) (Received Jun 13, 2023 at 12:02pm CDT)

**Additional Comments:**
1) Served: Jun 14, 2023, 3:10 pm CDT at 405 Walnut St, De Soto, IA 50069 received by Maraia Thomas, City Clerk for City of De Soto, Iowa c/o City Hall. Age: 65; Ethnicity: Caucasian; Gender: Female; Weight: 120; Height: 5'6"; Hair: Gray;

/s/Kyle Gray          06/16/2023

Kyle Gray          **Date**

Iowa Process Service
1109 N C St
Indianola, IA 50125
(515) 243-7378

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Halee Ann Rice

**Notary Public**

June 16 2023          02/18/2024

**Date**          **Commission Expires**

HALEE ANN RICE
Commission Number 830262
My Commission Expires
February 18, 2024

E-FILED  2023 JUN 16 10:34 AM DALLAS - CLERK OF DISTRICT COURT

## AFFIDAVIT OF SERVICE

| Case:<br>LACV044156 | Court:<br>IN THE IOWA DISTRICT COURT | County:<br>FOR DALLAS COUNTY | Job:<br>9021812 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>LISA CRETSINGER | | **Defendant / Respondent:**<br>CITY OF DE SOTO, IOWA; CITY OF DE SOTO, IOWA POLICE DEPARTMENT; BRANDON CARTER; DALLAS COUNTY, IOWA; DALLAS COUNTY, IOWA SHERIFF'S OFFICE; JOHN DOE NO. 1 (AKA DALLAS COUNTY DEPUTY SANCHEZ), JOHN DOES NO. 2 TO 10 | |
| **Received by:**<br>Iowa Process Service | | **For:**<br>The Shearer Law Office, P.C. | |
| **To be served upon:**<br>City of De Soto, Iowa Police Department | | | |

I, Kyle Gray, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Maraia Thomas, City Clerk for City of De Soto, Iowa Police Department, 405 Walnut St, De Soto, IA 50069

**Manner of Service:**   Authorized, Jun 14, 2023, 3:10 pm CDT

**Documents:**   Civil Original Notice; First Amended Petition at Law (Jury Demand) (Received Jun 13, 2023 at 12:02pm CDT)

**Additional Comments:**
1) Served: Jun 14, 2023, 3:10 pm CDT at 405 Walnut St, De Soto, IA 50069 received by Maraia Thomas, City Clerk for City of De Soto, Iowa Police Department. Age: 65; Ethnicity: Caucasian; Gender: Female; Weight: 120; Height: 5'6"; Hair: Gray;

*Subscribed and sworn to before me by the affiant who is personally known to me.*

/s/Kyle Gray                          06/16/2023

Kyle Gray                          **Date**

Iowa Process Service
1109 N C St
Indianola, IA 50125
(515) 243-7378

**Notary Public**

**Date**                          **Commission Expires**

HALEE ANN RICE
Commission Number 830262
My Commission Expires
February 18, 2024

## AFFIDAVIT OF SERVICE

| Case: LACV044156 | Court: IN THE IOWA DISTRICT COURT | County: FOR DALLAS COUNTY | Job: 9021812 |
|---|---|---|---|
| **Plaintiff / Petitioner:** LISA CRETSINGER | | **Defendant / Respondent:** CITY OF DE SOTO, IOWA; CITY OF DE SOTO, IOWA POLICE DEPARTMENT; BRANDON CARTER; DALLAS COUNTY, IOWA; DALLAS COUNTY, IOWA SHERIFF'S OFFICE; JOHN DOE NO. 1 (AKA DALLAS COUNTY DEPUTY SANCHEZ), JOHN DOES NO. 2 TO 10 | |
| **Received by:** Iowa Process Service | | **For:** The Shearer Law Office, P.C. | |
| **To be served upon:** City of De Soto, Iowa Police Department | | | |

I, Kyle Gray, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Maraia Thomas, City Clerk for City of De Soto, Iowa Police Department, 405 Walnut St, De Soto, IA 50069

**Manner of Service:** Authorized, Jun 14, 2023, 3:10 pm CDT

**Documents:** Civil Original Notice; First Amended Petition at Law (Jury Demand) (Received Jun 13, 2023 at 12:02pm CDT)

**Additional Comments:**
1) Served: Jun 14, 2023, 3:10 pm CDT at 405 Walnut St, De Soto, IA 50069 received by Maraia Thomas, City Clerk for City of De Soto, Iowa Police Department. Age: 65; Ethnicity: Caucasian; Gender: Female; Weight: 120; Height: 5'6"; Hair: Gray;

/s/Kyle Gray

**Kyle Gray**

Iowa Process Service
1109 N C St
Indianola, IA 50125
(515) 243-7378

06/16/2023

**Date**

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Halee Ann Rice

**Notary Public**

June 14, 2023        02/18/2024

**Date**        **Commission Expires**

HALEE ANN RICE
Commission Number 830262
My Commission Expires
February 18, 2024

## AFFIDAVIT OF SERVICE

| Case:<br>LACV044156 | Court:<br>IN THE IOWA DISTRICT COURT | County:<br>FOR DALLAS COUNTY | Job:<br>9021906 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>LISA CRETSINGER | | **Defendant / Respondent:**<br>CITY OF DE SOTO, IOWA; CITY OF DE SOTO, IOWA POLICE DEPARTMENT; BRANDON CARTER; DALLAS COUNTY, IOWA; DALLAS COUNTY, IOWA SHERIFF'S OFFICE; JOHN DOE NO. 1 (AKA DALLAS COUNTY DEPUTY SANCHEZ), JOHN DOES NO. 2 TO 10 | |
| **Received by:**<br>Iowa Process Service | | **For:**<br>The Shearer Law Office, P.C. | |
| **To be served upon:**<br>Dallas County, Iowa c/o County Auditor | | | |

I, Kyle Gray, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | Jared Higley, Assistant Auditor for Dallas County, Iowa c/o County Auditor, 210 N 10th St, Adel, IA 50003 |
| **Manner of Service:** | Authorized, Jun 16, 2023, 12:31 pm CDT |
| **Documents:** | Civil Original Notice; First Amended Petition at Law (Jury Demand) (Received Jun 13, 2023 at 12:02pm CDT) |

### Additional Comments:

1) Unsuccessful Attempt: Jun 14, 2023, 2:17 pm CDT at 210 N 10th St, Adel, IA 50003
Receptionist told me that the Auditor and Deputy Auditor were out for the day and would be in the office tomorrow.

2) Served: Jun 16, 2023, 12:31 pm CDT at 210 N 10th St, Adel, IA 50003 received by Jared Higley, Assistant Auditor for Dallas County, Iowa c/o County Auditor. Age: 40; Ethnicity: Caucasian; Gender: Male; Weight: 175; Height: 5'8"; Hair: Red;

/s/Kyle Gray                    06/16/2023

Kyle Gray                         **Date**

Iowa Process Service
1109 N C St
Indianola, IA 50125
(515) 243-7378

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Halee Ann Rice

**Notary Public**

June 16, 2023          02/18/2024

**Date**                    **Commission Expires**

HALEE ANN RICE
Commission Number 830262
My Commission Expires
February 18, 2024

E-FILED  2023 JUN 19 12:20 PM DALLAS - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | |
|---|---|
| LISA CRETSINGER, | NO. LACV044156 |
| Plaintiff, | **APPEARANCE** |
| vs. | |
| CITY OF DESOTO, IOWA; CITY OF DESOTO, IOWA POLICE DEPARTMENT; BRANDON CARTER; DALLAS COUNTY IOWA; DALLAS COUNTY SHERIFF'S OFFICE; JOHN DOE NO. 1 (AKA DALLAS COUNTY DEPUTY SANCHEZ), JOHN DOES NO. 2 TO 10, | |
| Defendants. | |

COMES NOW Douglas L. Phillips of Klass Law Firm, L.L.P., Mayfair Center, Upper Level, 4280 Sergeant Road, Suite 290, Sioux City, Iowa, 51106, and enters his appearance as counsel for the Defendants City of DeSoto, Iowa, City of DeSoto, Iowa, Police Department, and Brandon Carter.  The parties and the Clerk of Court are advised to adjust their files accordingly.

**KLASS LAW FIRM, L.L.P.**

E-FILED 2023 JUN 19 12:20 PM DALLAS - CLERK OF DISTRICT COURT

Respectfully submitted,

_____

Douglas L. Phillips   #AT0006251
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
phillips@klasslaw.com
WWW.KLASSLAW.COM
712-252-1866
712-252-5822 fax

ATTORNEYS FOR DEFENDANTS CITY OF
DESOTO, IOWA, CITY OF DESOTO, IOWA,
POLICE DEPARTMENT, AND BRANDON
CARTER

Copy to:

Shawn Shearer
108 Third Street, Ste. 302
Des Moines, IA  50309-4758

Theodore Sporer
108 Third Street, Suite 302
Des Moines, IA   50309

Jason C. Palmer
LAMSON DUGAN & MURRAY LLP
1045 76th Street, Ste. 3000
West Des Moines, IA  50266

CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing
instrument was served upon all parties to the
above cause to each of the attorneys of record
herein at their respective addresses disclosed
on the pleading on _____6/19_____, 2023.
By: _____ U.S. Mail            _____ facsimile
       _____ Hand delivered      _____ Overnight courier
       _____ Email                __X____ ECF

Signature __/S/ Mindy Eckmann _____

KLASS LAW FIRM,
L.L.P.

2

E-FILED  2023 JUN 19 12:22 PM DALLAS - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | |
|---|---|
| LISA CRETSINGER, | NO. LACV044156 |
| Plaintiff, | **APPEARANCE** |
| vs. | |
| CITY OF DESOTO, IOWA; CITY OF DESOTO, IOWA POLICE DEPARTMENT; BRANDON CARTER; DALLAS COUNTY IOWA; DALLAS COUNTY SHERIFF'S OFFICE; JOHN DOE NO. 1 (AKA DALLAS COUNTY DEPUTY SANCHEZ), JOHN DOES NO. 2 TO 10, | |
| Defendant. | |

COMES NOW Zachary D. Clausen of Klass Law Firm, L.L.P., Mayfair Center, Upper Level, 4280 Sergeant Road, Suite 290, Sioux City, Iowa, 51106, and enters his appearance as counsel for the Defendants City of DeSoto, Iowa, City of DeSoto, Iowa, Police Department, and Brandon Carter.  The parties and the Clerk of Court are advised to adjust their files accordingly.

**KLASS LAW FIRM,**
**L.L.P.**

Respectfully submitted,

Zachary D. Clausen   #AT0013741
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
zclausen@klasslaw.com
WWW.KLASSLAW.COM
712-252-1866
712-252-5822 fax

ATTORNEYS FOR DEFENDANTS CITY OF
DESOTO, IOWA, CITY OF DESOTO, IOWA,
POLICE DEPARTMENT, AND BRANDON
CARTER

Copy to:

Shawn Shearer
108 Third Street, Ste. 302
Des Moines, IA  50309-4758

Theodore Sporer
108 Third Street, Suite 302
Des Moines, IA  50309

Jason C. Palmer
LAMSON DUGAN & MURRAY LLP
1045 76th Street, Ste. 3000
West Des Moines, IA  50266

CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing
instrument was served upon all parties to the
above cause to each of the attorneys of record
herein at their respective addresses disclosed
on the pleading on _____6/19_____, 2023.
By: _____ U.S. Mail              _____ facsimile
       _____ Hand delivered      _____ Overnight courier
       _____ Email                __X____ ECF

Signature __/S/ Mindy Eckmann _____

**KLASS LAW FIRM,
L.L.P.**