IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| LISA CRETSINGER,<br><br>       **Plaintiff,**<br>vs.<br><br>CITY OF DESOTO, IOWA; CITY OF DESOTO, IOWA POLICE DEPARTMENT; BRANDON CARTER; DALLAS COUNTY IOWA; DALLAS COUNTY SHERIFF'S OFFICE; JOHN DOE NO. 1 (AKA DALLAS COUNTY DEPUTY SANCHEZ), JOHN DOES NO. 2 TO 10,<br><br>       **Defendants.** | No. 4:23-cv-00212-RGE-SBJ<br><br>(Dallas County No. LACV044156)<br><br>**DEFENDANTS'<br>MOTION TO STRIKE<br>PLAINTIFF'S DESIGNATION OF<br>EXPERT WITNESSES** |

    COME NOW Defendants and move to strike Plaintiff's Designation of Expert Witnesses. In support of their Motion, Defendants state as follows:

    1.    In this case, Plaintiff claims her arrest by Brandon Carter violated her rights under the 4th, 5th and 14th Amendments.

    2.    On January 19, 2024, the Court entered a Scheduling and Trial Setting Order, (Doc 14), setting April 1, 2024, as the deadline for Plaintiff to designate expert witnesses and disclose their written reports.

    3.    F.R.Civ.P. 26(a)(2)(B) provides:

Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

    (i)    a complete statement of all opinions the witness will express and the basis and reasons for them;

    (ii)    the facts or data considered by the witness in forming them;

  (iii) any exhibits that will be used to summarize or support them;

  (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

  (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

  (vi) a statement of the compensation to be paid for the study and testimony in the case.

4. Plaintiff failed to designate experts by the specified deadline, and no request for an extension of that deadline was filed.

5. Instead, on April 8, 2024, she served the attached Supplemental Initial Disclosures, informing the parties:

> Plaintiff has identified Chris Brooks as an expert intended to be used at trial. Mr. Brooks is a private investigator and former peace officer in the State of Iowa. Mr. Brooks will opine as to (i) standards of care for officer training and supervision, (ii) standards of care and procedures for traffic stops, field sobriety, and arrests, (iii) the training and certification practices of the City of De Soto police department in general and with respect to Brandon Carter specifically, and (iv) Brandon Carter's violations of those standards of care in his stop, arrest and handling of Plaintiff plead in the Complaint. Plaintiff is in process of engaging Mr. Brooks and will update these disclosures again at that time. No written report has yet been prepared as discovery of all necessary information is ongoing. These disclosures will be updated when a written report is completed. Contact information for Chris Brooks is:
>
> Chris Brooks
> Solved It Investigations
> 1855 E. Southern Ave. Unit 211
> Mesa, AZ 85204
> (480) 239-8643
> chris@solveditpi.com

6. Plaintiff did not produce a report, any statement of opinions or the reasons or factual bases therefore, a summary of qualifications, a list of publications, a list of cases in which the expert has testified or a statement of compensation to be paid.

7. "A party must make these disclosures at the times and in the sequence that the court orders." F.R.Civ.P. 26(b)(2)(D).

8. "[F]ailure to disclose an expert report is a failure to disclose under Rule 26." *Benedict v. Zimmer, Inc.*, 232 F.R.D. 305, 315 (N.D. Iowa 2005) (citing *Firefighters' Instit. for Racial Equality v. City of St. Louis*, 220 F.3d 898, 902 (8th Cir.2000), *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1009 (8th Cir.1998), *Boardman v. Nat'l Med. Enters.*, 106 F.3d 840, 843 (8th Cir.1997) and *Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.1995)).

9. It is clear from Plaintiff's Supplemental Disclosure that she has yet to even retain this expert. ("Plaintiff is in process of engaging Mr. Brooks and will update these disclosures again at that time.")

10. The illusory promise that "[t]hese disclosures will be updated when a written report is completed[]" does nothing to comply with the requirements of Rule 26.

11. Plaintiff has failed to comply with this Court's Scheduling Order.

12. "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order." F.R.Civ.P. 16(f)(1)(C).

13. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." F.R.Civ.P. 37(c)(1).

14. "The rules thus permit a court to exclude untimely evidence unless the failure to disclose was either harmless or substantially justified." *Trost*, 162 F.3d at 1008.

15. Plaintiff filed her original Petition more than 13 months ago, on March 29, 2023. (See attached Petition, *Cretsinger v. City of De Soto, et al.*, Iowa District Court for Dallas County).

16. It is clear from Plaintiff's detailed assertion of alleged facts (10 pages, 87 paragraphs), that she retained counsel far in advance of the filing date.

17. Plaintiff has the burden of proof in this case. Counsel were aware that they would need evidence to establish the standard of care and any breach thereof, and that evidence would likely include expert testimony.

18. There have not been any discovery disputes that could be said to have delayed timely production of an expert report. Plaintiff has not served any discovery. See *Benedict*, 232 F.R.D. at 317 ("Although the court can imagine circumstances under which a discovery dispute might constitute substantial justification for not filing a timely expert report, this is not such a case.")

19. Plaintiff has not sought to extend the designation deadlines. *Id.* ("[I]f the Benedicts had a legitimate need to extend the deadline for submitting their expert report, they should have filed a motion and sought an extension of the deadline.")

20. There is no justification, substantial or otherwise, that excuses Plaintiff's failure to timely and properly designate her expert witnesses. *Trost*, 162 F.3d at 1008 ("Trost needed to produce competent evidence within deadlines set by the court or risk sanctions under Rules 16 and 37.") *Benedict*, 232 F.R.D. at 317 ("The Benedicts were not justified in unilaterally ignoring the Scheduling Order, Rule 26 and Local Rule 26.1, in effect dictating their own expert witness deadline to the court.")

21. Neither can it be said that Plaintiff's unilateral disregard of her designation deadline is harmless.

22. Defendants have only five weeks left to designate expert witnesses. Without a report from Plaintiff's untimely designated expert, Defendants do not know what issues/opinions they will need to address.

23. Extending the current deadlines will only serve to exacerbate the problem. The discovery deadline is September 3, 2024. Extending the parties' designation deadlines will likely lead to the need to extend the discovery deadline to allow for completion of depositions.

24. The dispositive motion deadline is October 3, 2024. Extending the current designation deadlines will necessitate extending the discovery deadline which, in turn, will require more time to complete and file dispositive motions. At some point, the parties' trial date will be in jeopardy.

25. In light of the foregoing, the only appropriate sanction is exclusion of expert testimony offered by Plaintiff, both at the summary judgment stage, and at trial.

WHEREFORE Defendants pray for an Order striking Plaintiff's untimely "designation" of expert witnesses.

Respectfully submitted,

*[signature: Douglas L. Phillips]*

Douglas L. Phillips   #AT0006251
Zachary D. Clausen  #AT0013741
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
phillips@klasslaw.com
zclausen@klasslaw.com
WWW.KLASSLAW.COM
712/252-1866
712/252-5822 fax

ATTORNEYS FOR DEFENDANTS CITY OF DESOTO, IOWA, AND BRANDON CARTER

And

DALLAS COUNTY SHERIFF'S OFFICE, DALLAS COUNTY, IOWA, and DEPUTY AARON SANCHEZ Defendants,


By:    /S/ Jason C. Palmer
         Jason C. Palmer AT0006089
         LAMSON DUGAN & MURRAY LLP
         1045 76th Street, Suite 3000
         West Des Moines, Iowa
         50266 Telephone: (515) 823-0458
         Facsimile: (515) 298-6536
         E-Mail: jpalmer@ldmlaw.com

ATTORNEY FOR DEFEDANTS DALLAS COUNTY SHERIFF'S OFFICE, DALLAS COUNTY, IOWA, and DEPUTY AARON SANCHEZ

    I hereby certify that on April 29, 2024, I electronically served the foregoing document on all counsel of record.

                                                  /s/ Douglas L. Phillips
                                                    Douglas L. Phillips